UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

May 28, 2019

LETTER TO COUNSEL

      RE:    *Guillermo S. v. Commissioner, Social Security Administration*;
                 Civil No. SAG-18-2673

Dear Counsel:

On August 29, 2018, Plaintiff Guillermo S. petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny his claim for Disability Insurance Benefits. ECF 1. I have considered the parties' cross-motions for summary judgment. ECF 14, 15. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the judgment of the SSA, and remand the case to the SSA for further analysis pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Plaintiff filed his claim for benefits on June 1, 2015, alleging an onset date of September 1, 2014. Tr. 260-61. His claim was denied initially and on reconsideration. Tr. 92-96. A hearing was held on August 1, 2017, before an Administrative Law Judge ("ALJ"). Tr. 31-62. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 15-25. The Appeals Council declined review, Tr. 1-8, so the ALJ's decision constitutes the final, reviewable decision of the SSA.

The ALJ found that Plaintiff suffered from the severe impairments of "lumbar degenerative disc disease, obesity, depression and anxiety." Tr. 17. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) with additional limitations. The claimant is able to lift up to 20 pounds at a time, frequently lift or carry objects weighing up to 10 pounds, and stand, walk and sit for approximately six hours each in an eight-hour workday. He can push/pull the same amount as he can lift and carry. The claimant can occasionally climb ramps and stairs and he can never climb ladders, ropes or scaffolds. He can occasionally stoop, kneel, crouch and crawl. The claimant is limited to performing simple, repetitive work. He is able to adapt to routine workplace changes and situations.

Tr. 19. After considering the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff could perform his past relevant work as a gas station cashier. Tr. 24. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 25.

Plaintiff presents three arguments on appeal: (1) that the ALJ's RFC assessment runs afoul of the Fourth Circuit's decision in *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015); (2) that the ALJ erroneously failed to assign weight to the opinion of a consultative examiner; and (3) that the ALJ erred when assigning weight to the other medical opinions. I agree that the ALJ's analysis did not comply with *Mascio*, and I therefore grant remand under sentence four of 42 U.S.C. § 405(g). In remanding for further explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct.

In *Mascio*, the United States Court of Appeals for the Fourth Circuit determined that remand was appropriate for three distinct reasons, including, as pertinent to this case, the inadequacy of the ALJ's evaluation of "moderate difficulties" in concentration, persistence, or pace. 780 F.3d at 637-38. At step three of the sequential evaluation, the SSA determines whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (2017). Listings 12.00 *et seq.* pertain to mental impairments. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00 (2017). The relevant listings therein consist of: (1) "paragraph A criteria," which consist of a set of medical findings; (2) "paragraph B criteria," which consist of a set of impairment-related functional limitations; and (3) "paragraph C criteria," which relate to "serious and persistent" disorders lasting at least two years with a history of ongoing medical treatment and marginal adjustment. *Id.* §§ 12.00(A), (G). A claimant's impairments meet the listings relevant to this case by satisfying either the paragraph A and paragraph B criteria, or the paragraph A and paragraph C criteria. *Id.* § 12.00(A).

Paragraph B consists of four broad functional areas including: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace, and (4) adapting or managing oneself. *Id.* § 12.00(A)(2)(b). The functional area of concentration, persistence, or pace "refers to the abilit[y] to focus attention on work activities and stay on task at a sustained rate." *Id.* § 12.00(E)(3).

The SSA employs the "special technique" to rate a claimant's degree of limitation in each functional area, based on the extent to which the claimant's impairment "interferes with [the claimant's] ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. §§ 404.1520a(b), (c)(2) (2017). The SSA uses a five-point scale to rate a claimant's degree of limitation in the four areas: none, mild, moderate, marked, or extreme. *Id.* § 404.1520a(c)(4). A moderate limitation signifies that the claimant has only a fair ability to function in the relevant area of mental functioning. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(F)(2)(c) (2017).

The Fourth Circuit remanded *Mascio* because the hypothetical the ALJ posed to the VE—and the corresponding RFC assessment—did not include any mental limitations other than unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ determined

that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. 780 F.3d at 637-38. The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id.* at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. *Id.*

At step three in the instant case, the ALJ found that Plaintiff had a moderate limitation with concentration, persistence, or maintaining pace. Tr. 18. The entirety of the ALJ's analysis stated:

> With regard to concentrating, persisting, or maintaining pace, the claimant has moderate limitation. The psychiatric consultative examination documented that the claimant had impaired concentration. The claimant also reported having difficulty concentrating. However, numerous mental status examinations conducted as part of the claimant's mental health treatment consistently documented that his concentration was normal. Additionally, the claimant reported that he is able to do his own shopping, watch television and attend to his finances.

*Id.* (internal citations omitted).

The ALJ stated in the RFC assessment that "mental status examinations consistently noted that the claimant's concentration and thought content was [sic] normal and that his cognition was intact" but that one "mini-mental state examination documented findings indicative of impaired concentration and memory, with a score of 23/30." Tr. 22. At the conclusion of the RFC analysis, the ALJ stated that, "[n]otwithstanding the lack of significant abnormal findings, in accommodation of the claimant's allegations of difficulty concentrating and the treatment evidence of record, the claimant is limited to performing simple, repetitive work." Tr. 24. The limitation to simple work is directly analogous to the language deemed insufficient in *Mascio*, and addresses only the inability to perform complex tasks, not the ability to sustain work over a full eight-hour workday. *Mascio*, 780 F.3d at 638. The ALJ offered no explanation as to how a limitation to repetitive work would account for Plaintiff's impaired concentration. Furthermore, the RFC provision that Plaintiff can "adapt to routine workplace changes and situations" does not impose any workplace limitation, and the ALJ did not suggest that provision related to Plaintiff's ability to concentrate. Tr. 24. Ultimately, then, the ALJ did not provide any express analysis of Plaintiff's ability to persist at work tasks for this Court to review on appeal. In light of this inadequacy, I must remand the case to the SSA for further analysis consistent with the Fourth Circuit's mandate in *Mascio*.

Next, Plaintiff argues that the ALJ erred by not assigning weight to the opinion of Dr. McDonald, a consultative examiner, Tr. 455-58. The SSA argues that the ALJ did not need to assign weight to Dr. McDonald's psychological evaluation, because it "did not set forth any particular functional restrictions," and because the ALJ's discussion of Dr. McDonald's evaluation adequately demonstrated how the ALJ considered Dr. McDonald's opinion. ECF 15-1 at 11. Under the regulations, medical opinions include "statements from acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. § 404.1527(a)(1). Because this case is being remanded on other grounds, I need not address whether the ALJ was required to assign weight to Dr. McDonald's evaluation. On remand, the ALJ will have the opportunity to decide if Dr. McDonald's evaluation constitutes a medical opinion, and whether he must assign a particular weight to the evaluation.

Plaintiff's final argument relates to the assignments of weight the ALJ made to the other medical opinions. The ALJ assigned "little weight" to the opinion of the consultative orthopedist, Dr. Honick, that Plaintiff was limited to sedentary work. Tr. 21. The ALJ explained that Dr. Honick only "conducted a one-time examination of the claimant and did not have a treating relationship with him or a longitudinal perspective on his functioning," and that "[t]he longitudinal primary care treatment records, which document numerous appointments but no abnormal physical examination findings or reports of ongoing back pain, establish that the claimant is less limited than Dr. Honick opined." Tr. 21. Elsewhere in the RFC analysis, the ALJ noted that despite Plaintiff's lumbar impairment there was "minimal evidence of treatment" in the record, and that the record was "notable for the lack of significant complaints by the claimant of any symptomology and for the dearth of abnormal physical examination findings." Tr. 20. Ultimately, my review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390 (1971). Even if there is other evidence that may support Plaintiff's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). In considering the entire record, and given the evidence outlined above, I find no error in the ALJ's assignment of weight to Dr. Honick's opinion.

The ALJ also assigned "significant weight" to the State agency physicians, because they "are familiar with agency rules and regulations and they based their review on the then available evidence." Tr. 21. While perhaps not a basis for remand on its own, the ALJ can, and should, provide a clearer application of the factors listed at 20 C.F.R. § 404.1527(c) in weighing the opinions of the State agency physicians. This includes the supportability of the opinions and the consistency of the opinions with the record as a whole. *See id.*

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment, ECF 14, is DENIED and Defendant's Motion for Summary Judgment, ECF 15, is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

      Despite the informal nature of this letter, it should be flagged as an opinion. A separate order will issue.

                                  Sincerely yours,

                                       /s/

                              Stephanie A. Gallagher
                              United States Magistrate Judge